**Christine Oliviani WIDJAJA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–71816.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Christine Oliviani Widjaja, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen so she could apply for asylum based on changed circumstances. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Widjaja's motion to reopen as untimely because the motion was filed nearly one and a half years after the BIA's decision. *See* 8 C.F.R. § 1003.2(c)(2). Further, even under the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 925–27 (9th Cir.2004), Widjaja failed to demonstrate changed circumstances in Indonesia sufficient to qualify for the regulatory exception to the time for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ash-*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*croft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

**PETITION FOR REVIEW DENIED.**